IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DOROTHY GALE APODACA,

      Plaintiff,

vs.                                          Civ. No. 00-536 JP/DJS (ACE)

SOCORRO COUNTY, et al.,

      Defendants.

MEMORANDUM OPINION AND ORDER

      On June 23, 2000, the Defendants filed a Motion to Dismiss (Doc. No. 15).  After a careful review of the briefs and the relevant law, I have determined that the Defendants' motion to dismiss should be granted in part.

I.  Background

      This is a gender discrimination case filed by a *pro se* Plaintiff.  The Plaintiff alleges retaliation and hostile work environment claims under Title VII of the Civil Rights Act of 1964.  She also alleges negligent hiring and supervision of Defendant Rael, the Jail Administrator.  From the facts alleged in the complaint, it appears that Defendant Rael was Plaintiff's supervisor.[1]

      In April 1999, the Plaintiff was employed as a transport officer for the Socorro County Detention Center (Detention Center).  At that time, the Plaintiff and other detention officers sent the Socorro County Manager (County Manager) and the Socorro County Commission (County Commission) a memorandum complaining of sexual harassment of female inmates, improper

---

[1]In addition to these claims, the Plaintiff states in her response to the motion to dismiss that her right to free speech under the United States and New Mexico constitutions was violated and that she has state and federal wage and hour claims.  Since these additional claims are not alleged in the Plaintiff's complaint, the Plaintiff must amend her complaint to add these claims if she wishes to assert them.

conduct by jail personnel, and unsafe conditions for both inmates and detention center employees.

The Plaintiff alleges that she was retaliated against for making this complaint by being forced to

work additional hours, by being required to transport inmates long distances at night in an unsafe

van, and by not being paid overtime or awarded "comp" time.  The Plaintiff further alleges that

the Jail Administrator threatened to place letters of reprimand in her personnel file and terminate

her.

   The Plaintiff states that because of these retaliatory actions she was forced to resign from

her position as transport officer and take a lesser paying position with the Socorro County

Sheriff's Department.  The Plaintiff's new position required her to work adjacent to the Detention

Center.  According to the Plaintiff, the Jail Administrator continued to harass her by placing an

indecent photocopy on her desk, tampering with her computer, and screaming at her in the

presence of her immediate supervisor.  As a consequence of this continued harassment, the

Plaintiff wrote another complaint to the County Manager and the County Commission.  The

Plaintiff alleges that the County Manager and County Commission did nothing in response to her

complaint but conduct  "subtle intimidation meetings" with her.  Petition for Writ of Certiorari or

in the Alternative Notice of Appeal (Complaint) at ¶15, filed March 17, 2000 in the New Mexico

Seventh Judicial District Court (attached as Ex. A to Verified Notice of Removal (Doc. No. 1),

filed April 14, 2000)) The Plaintiff also alleges that she continues to be exposed to a hostile work

environment as a result of the negligent hiring and supervision of the Jail Administrator.

   On February 16, 2000, the Plaintiff filed a charge of discrimination with the Equal

Employment Opportunity Commission (EEOC).  On February 18, 2000, the EEOC issued a right

to sue letter and the New Mexico Human Rights Division issued an Order of Nondetermination.

In this case the Plaintiff has sued Socorro County, the County Commission (Defendants Jue, Lovato, Armijo, Barreras, and Gutierrez), the County Manager (Defendant Baca), the Socorro County Clerk (Defendant Gallegos), and the Jail Adminstrator (Defendant Rael).

II.  Standard for a Motion to Dismiss

In considering a motion to dismiss for failure to state a claim, I must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  I may dismiss the complaint if it appears to a certainty that the plaintiff can prove no set of facts in support of the plaintiff's claim which would entitle the plaintiff to relief. *Id.*  A *pro se* litigant's pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nevertheless, conclusory allegations without supporting facts are insufficient to state a claim on which relief can be based, even if the plaintiff is *pro se*. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990).  Moreover, *pro se* litigants must follow the same rules of procedure that govern other litigants. *Oklahoma Federated Gold and Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994)(quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992), *cert. denied*, 507 U.S. 940 (1993)).

III.  Discussion

The Defendants argue that the Plaintiff's retaliation claim must be dismissed because there was no prior Title VII activity.  The Defendants also argue that the Plaintiff cannot state a Title VII claim against the individual defendants.  In addition, the Defendants contend that any unidentifiable state law claims are barred by sovereign immunity and the New Mexico Tort Claims Act.

3

The Plaintiff concedes that this suit should be dismissed as to Defendant Gallegos, the County Clerk.  The Plaintiff also requests that she be allowed to amend her complaint.  If the Plaintiff wishes to amend her complaint, she must file a motion to that effect and submit a proposed amended complaint as required by D.N.M. LR-Cv 15.1.  Since the Plaintiff's request to amend the complaint is not properly before me, her request to amend the compliant is denied at this time but she may file a motion amend by November 30, 2000.

A.  The Title VII Retaliation Claim

Title VII states that: "It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge ... under [Title VII]." 42 U.S.C. § 2000e- 3(a). To establish a *prima facie* case of retaliation under Title VII, Plaintiff must show that:  (1) she was engaged in protected activity opposing employment discrimination; (2) she was subjected to adverse employment action and; (3) that a causal connection exists between the adverse employment action and her protected activity. *E.g., Pastran v. K-Mart*, 210 F.3d 1201, 1205 (10th Cir. 2000)(citing *McGarry v. Board of County Comm'rs of County of Pitkin*, 175 F.3d 1193, 1201 (10th Cir. 1999)).  Moreover, opposition activity under the first prong of the *prima facie* retaliation test will be "protected when it is based on a mistaken good faith belief that Title VII has been violated."  *Love v. Re/Max of America, Inc.*, 738 F.2d 383, 385 (10th Cir. 1984). Here, the Plaintiff alleges in her complaint that retaliation occurred not when she filed her EEOC charge but rather when she participated in sending the April 1999 memorandum to the County Manager and County Commission.  Thus, to meet the first prong of the *prima facie* retaliation test, the Plaintiff must have alleged facts in her

4

complaint which show that her participation in sending the April 1999 memorandum was the equivalent of engaging in a protected activity opposing employment discrimination.

To meet the first prong of the *prima facie* retaliation test, the Plaintiff must allege facts which show that her April 1999 protest regarding the sexual harassment of female inmates "opposed unlawful <u>employment</u> discrimination directed against <u>employees</u> protected by Title VII[]." *Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994), *cert. denied*, 513 U.S. 1081 (1995)(emphasis added). Under certain circumstances, an inmate may be considered an employee for Title VII purposes. *Id*. at 984-85. Plaintiff's complaint, however, fails to allege any facts regarding the terms and conditions of the inmates' labor at the Detention Center. Consequently, the Plaintiff's April 1999 protest does not on its face meet the first prong of the *prima facie* retaliation test under Title VII. The issue then becomes whether the Plaintiff could have had a good faith belief that the treatment of the female inmates violated Title VII.

The complaint alleges that female inmates were sexually harassed and that there was "a hostile environment for the inmates." Complaint at ¶6. Construing the complaint liberally, I find that the Plaintiff has stated facts which demonstrate that she could have had a good faith belief that the female inmates were protected by Title VII. *Id*. at 985 ("If Moyo reasonably believed that the inmates were protected by Title VII, then his opposition to their treatment would be a statutorily protected activity.") Hence, I find that the Plaintiff has stated sufficient facts in her complaint to meet the first prong of the *prima facie* retaliation test based on the good faith rule.

The Defendants concede that the Plaintiff has alleged facts which, if presumed true, would constitute adverse employment action under the second prong of the *prima facie* retaliation test. The Defendants, however, argue that the Plaintiff has not met the third prong which requires a

showing of a causal connection between the adverse employment action and the Plaintiff's April

1999 protest.  A causal connection can be shown when the adverse action closely follows the

protected conduct.  *Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1395 (10th Cir.

1997)(citations omitted).  "Unless the [adverse action] is very closely connected in time to the

protected conduct, the plaintiff will need to rely on additional evidence beyond mere temporal

proximity to establish causation."  *Id.*

    The Plaintiff's complaint does not allege when the retaliatory conduct began.  Plaintiff

attached to the complaint a letter dated June 21, 1999, from an attorney to the County Manager

stating that "any attempt to retaliate against Dorothy Apodaca or others in her similar situation

will result in additional charges, and immediate action against those involved as well as the

county."  Exhibit B to the Complaint.  This letter indicates that as of June 21, 1999 the Plaintiff

had not yet been retaliated against and that the County was being warned not to engage in any

retaliatory conduct.  The Plaintiff has not alleged facts which establish a close temporal proximity

between her April 1999 protest and any adverse employment action.  The Plaintiff has also failed

to present any other allegations to establish the causation prong. Under these circumstances, I find

that the Plaintiff has failed to state a claim for Title VII retaliation.

    B.  Title VII and the Individual Defendants

    The Defendants also argue that the Title VII hostile work environment claim should be

dismissed as to the individual Defendants.  The Tenth Circuit has established that suits brought

against individuals under Title VII must proceed in their official capacities.  *Haynes v. Williams*,

88 F.3d 898, 901 (10th Cir. 1996); *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir.

1993).  In this case, a liberal reading of the complaint indicates that the Plaintiff sued the

individual Defendants in both their official and individual capacities.  Although the caption of the case does not state in what capacity the individual Defendants are being sued, the caption gives the official titles of those Defendants. Moreover, the complaint itself states that the Defendants "are citizens and residents and/or organized and functioning as governmental authorities, commissions, bodies and/or departments within Socorro County New Mexico under the authority and laws of the State of New Mexico...."  Complaint at ¶1.  Since the individual Defendants are being sued in both their official and individual capacities, the Title VII claims brought against them in their individual capacities will be dismissed while the Title VII claims brought against the individual Defendants in their official capacities will not be dismissed at this time.

    C.  Unidentifiable State Law Claims

    The Defendants also argue that any unidentifiable state law claims must be dismissed under the doctrine of sovereign immunity and the New Mexico Tort Claims Act.  Apparently, the Defendants base this argument on the Plaintiff's statement in her response to Defendants' motion to dismiss that there are other state claims not subject to this Court's jurisdiction.[2]  The focus of a motion to dismiss for failure to state a claim is the complaint, not any extraneous statements or assertions.  Fed. R. Civ. P. 12(b).  The complaint alleges a state claim for negligent hiring and supervision of the Jail Administrator but does not refer to any unspecified state claims.  Because there is no mention of unspecified state claims in the complaint, there is no need to address the Defendants' argument regarding those hypothetical claims in the context of this motion to dismiss.

---

[2]Contrary to the Plaintiff's belief, this Court has supplementary jurisdiction over any state law claims that she may choose to assert in this lawsuit.  *See City of Chicago v. International College of Surgeons*, 522 U.S. 156, 165-66 (1997).

IT IS ORDERED that the Defendants' Motion to Dismiss (Doc. No. 15) is granted in part in that:

1. this action is dismissed in its entirety as to Defendant Gallegos;

2.  Plaintiff's request to amend the complaint is denied at this time, but Plaintiff may file a motion to amend her complaint by November 30, 2000;

3. the Title VII retaliation claim is dismissed with prejudice;

4. the Title VII hostile work environment claim is dismissed with prejudice as to Defendants Jue, Lovato, Armijo, Barreras, Gutierrez, Baca, and Rael in their individual capacities; and

5. the Title VII hostile work environment claim remains intact at this time as to Defendants Jue, Lovato, Armijo, Barreras, Gutierrez, Baca, and Rael in their official capacities.

_____
CHIEF UNITED STATES DISTRICT JUDGE

For Plaintiff:                              Dorothy Gale Apodaca,  *pro se*

For Defendants Jue, Lovato, Armijo,
Barreras, Gutierrez, Baca, Gallegos:        Elizabeth L. German and Brian A. Thomas
                                            Brown & German
                                            Albuquerque, New Mexico

For Defendants County and Rael:             Elizabeth L. German and Brian A. Thomas
                                            Brown & German
                                            Albuquerque, New Mexico

                                            Frank N. Chavez
                                            Reeves, Chavez, Greenfield & Walker
                                            Las Cruces, New Mexico

8

9